UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                    CASE NO. 09-33331-BKC-AJC
                                                                          Chapter 11

ONYX ON THE BAY
CONDOMINIUM ASSOCIATION, INC.,

     Debtor.
_____/

**DEBTOR'S SECOND MOTION TO EXTEND
TIME TO FILE PLAN AND DISCLOSURE STATEMENT**

     Debtor, Onyx On The Bay Condominium Association, Inc., by and through undersigned counsel, moves this Court for an Order to extend the time in which to file a plan and disclosure statement, and as grounds therefore states as follows:

     1.     The Debtor is a condominium association that is still within the purview of the developer, and is currently operating as Debtor in Possession.

     2.     The Debtor's original developer was Biscayne Bay Lofts, LLC, ("BBL"), a Florida Limited Liability Company.

     3.     Pursuant to Section 718.116 (9)(A)(2), Florida Statutes, BBL guaranteed to all purchasers of units that assessments would be capped and BBL, as developer, would meet the operational shortfalls of the Debtor association.

     4.     BBL is now a Chapter 7 Debtor.

     5.     The Onyx condominium project was originally funded through a loan from Corus Bank, N.A. ("Corus") to BBL. The funds were to be used for the payment of the Project Costs, including all Hard and Soft costs associated with the development of a condominium.

     6.     On April 29, 2009, Corus Bank, N.A. filed a complaint in the Circuit Court in and For Miami-Dade County, Florida against BBL and the Debtor alleging that BBL defaulted on the

construction loan, and seeking a foreclosure on it's the mortgage of the subject condominium project (the "Foreclosure Action").

7.  On September 9, 2009, Hyperion Onyx Partners, LLC was formed and organized for the purpose of acquiring the remaining unsold units at the Onyx condominium and offering them for sale to the public.

8.  On September 11, 2009, the Office of the Comptroller of the Currency closed Corus and appointed the Federal Deposit Insurance Corporation (FDIC) as receiver.

9.  Hyperion purchased Corus' rights to the Onyx condominium loan and mortgage and substituted in as plaintiff to the Foreclosure Action, seeking title to unsold units at the Onyx.

10. On December 10, 2009, BBL, unable to continue funding the Debtor's operational shortfalls, quitclaimed thirty three (33) units located at the Onyx to Hyperion (the "Hyperion Units").

11. The efficacy and legality of the transfer of the Hyperion Units is currently contested in this Court and in state court proceedings.

12. Due to the BBL bankruptcy, the Debtor expects the Hyperion Units to be sold pursuant to Section 363 of the Bankruptcy Code.

13. The Debtor's budget is dependent upon the legal effect of the transfer of the Hyperion Units whether ultimately through foreclosure, voluntary transfer or sale.

14. Accordingly, resolution of the issues surrounding the Hyperion Units is an absolute condition precedent to any plan the Debtor could submit.

WHEREFORE, the Debtor respectfully requests that the Court enter an order extending the time for the Debtor to file a plan and disclosure statement until such time as the issues surrounding the Hyperion Units have been resolved.

CASE NO. 09-33331-BKC-AJC

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

JEFFREY W. BLACHER, P.A.

_____/s/_____
Jeffrey W. Blacher, Esq.
Fla. Bar No. 8168
2999 N.E. 191st St.
Suite 805
Aventura, FL 33180
Tel 305-705-0888
Fax 305-356-3693
jblacher@blacherlaw.com